UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:22-CR-30064-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND TO CONTINUE TRIAL |
| STUART COCHRAN SR., | |
| Defendant. | |

### I. Summary of Facts Relevant to Motion

Defendant Stuart Cochran Sr. faces charges in this case of first-degree murder and discharging a firearm during and in relation to a crime of violence that causes death. Doc. 16. Defendant on June 25, 2022 is alleged to have shot and killed Charles Hollow Horn, a man who apparently had previously assaulted and threatened Defendant. Defendant was indicted on July 11, 2022, and appears to have been detained since that time.

This Court originally set a jury trial for September 6, 2022. Doc. 23. This Court has granted multiple motions for continuances, Docs. 26, 29, 43, 76, the last of which set the jury trial for July 25, 2023. There is a pending motion to suppress, Doc. 33, on which Magistrate Judge Mark A. Moreno conducted hearings on April 3 and May 3, 2023. Docs. 52, 63, 68.

Defendant's Motion for Reconsideration and to Continue Trial relates to this Court's decision to grant a five-week continuance of the trial from June 20, 2023, to July 25, 2023, rather than pushing the trial off to October 2023 or even later. The history of the prior motion and ruling

1

thus matter. On April 20, 2023, defense counsel filed an Opposed Motion to Continue Trial and All Related Pretrial Deadlines. Doc. 55. Defendant consented to the motion and waived speedy trial rights. Doc. 56. Because the United States opposed the motion, this Court conducted a hearing on May 1, 2023, to hear from the parties on whether such a continuance should be granted. Docs 62, 67.

Defendant's motion sought a continuance of "at least 90 days," citing reasons of needing additional time to properly investigate and prepare for trial, needing to consult with and determine experts to use at trial, and defense counsel being scheduled to attend a trial college from June 17 to July 1, 2023. Doc. 55 ¶¶ 3, 5–6. At the motion hearing, defense counsel made clear that two primary reasons drove her motion: (1) her acceptance into the trial college conflicting with the June trial dates; and (2) her intention to utilize experts who would or might not be available to testify at trial until perhaps October. The United States opposed the extension with two arguments: (1) the case is quite simple and straightforward for a murder case thus not necessitating a continuance of any substantial length; and (2) the Assistant U.S. Attorney handling the case is retiring on June 30, 2023, and has been communicating with defense counsel of the need for the case to be tried prior to his retirement. Defendant sees the trial as more complicated than does the United States. At the hearing, discussion coalesced around a possible one-month continuance, which would allow defense counsel to attend her trial school and perhaps allow the Assistant U.S. Attorney to postpone his retirement by one month, although defense counsel made clear that she wanted a much longer continuance. This Court encouraged defense counsel to check with her anticipated experts on whether a late-July trial date was feasible and to advise this Court.

Defense counsel on May 8, 2023, filed a Supplement to Motion to Continue Trial and All Related Pretrial Deadlines. Doc. 69. This public filing explained the situation with experts as follows:

> In defense counsel's mind, Experts #1-3 fit together like a puzzle, even though all of them work within the fields of mental health, psychiatry, and/or psychology. Expert #1 created an idea relating to the ultimate trial defense. Expert #2 had a different expertise, a different geographic location, and different background with the Federal Public Defender's office, so another opinion was sought. Expert #2 provided a trial defense similar to Expert #1 but within a different ultimate context. That different ultimate context altered the defense theory of the case and provided the initial thought process of Expert #3. Expert #3 is admittedly new to the case, having only recently been consulted. However, recent consultation does not mean that Expert #3's expertise is not integral to the ultimate trial defense. . . .

Id. at 3. The public filing describes that Expert 1 provided a preliminary report on September 25, 2022, and final opinion after reviewing additional records on November 7, 2022. Id. at 8. Expert 2 met with Defendant multiple times in February 2023, completed his evaluation on March 30, 2023, and provided a written report to defense counsel on April 6, 2023. Id. at 8–9. Thereafter, defense counsel wrote, it "was cemented in counsel's mind . . . that Expert 3 would be integral and necessary." Id. at 9.

Defendant filed under seal affidavits from defense counsel, Expert 1, Expert 2 and Expert 3. Doc. 69-1 to 69-4. This Court will avoid discussing the substance of the work or prospective opinions. Expert 2 is available to testify live at a jury trial in late July and Expert 1's affidavit left it unclear whether she is available. The work of Expert 1 (a psychologist) and Expert 2 (a psychiatrist) are similar although there are nuanced differences between what their conclusions appear to be. Expert 3 (a psychologist with a juris doctorate) had not performed work to reach an opinion, was not available for any trial until the week of September 18 and then again beginning in October and stated "I need approximately 5–6 months to work on the case before I could be ready to testify at trial." The affidavits left it uncertain whether Expert 3, who apparently had done

almost no work on the case, would produce an opinion helpful to Defendant or admissible under the Daubert standard, and whether Expert 1 or Expert 2 would be unable to speak to at least some part of what Expert 3 could possibly cover. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

Defendants' Motion for Reconsideration and to Continue Trial asserts that Defendant cannot present his theory of defense without a continuance. Defendant claims that "[n]either Expert 1 (the psychologist) or Expert 2 (the psychiatrist) provide the evaluation necessary for the second part of the theory of defense." Doc. 81 at 2. Defense counsel still wants another "specialized expert to evaluate and provide an opinion like the knowledge of Expert 3" (the JD-psychologist). Id. at 2. A sealed affidavit provides information on who else defense counsel has contacted who are not available to testify in late July. Defendants' motion also seeks to distinguish cases on which this Court relied when granting the five-week continuance of the prior June 2023 trial dates.

## II. Discussion

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Criminal procedure mention motions for reconsideration. According to the United States Court of Appeals for the Eighth Circuit, a motion for reconsideration in the civil context "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence." United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016). The Eighth Circuit has never explicitly held that the civil standard on motions for reconsideration apply in the criminal context but has noted that other Circuits have done so. Id. In any event, regardless of whether the civil standard applies, district courts have "wide discretion over whether to grant a motion for reconsideration of a prior order." SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019).

4

Defendant's motion for reconsideration seeks a longer continuance than what this Court previously granted. "Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." United States v. Keepseagle, 30 F.4th 802, 815 (8th Cr. 2022) (quoting United States v. Allen, 247 F.3d 741, 771 (8th Cir. 2001)). The abuse of discretion standard applies to a district court's denial of a continuance motion. Id. at 815 (citing United States v. Vesey, 330 F. 3d 1070, 1071 (8th Cir. 2003)). Whether there is an abuse of discretion depends on the circumstances of the case and probes "whether counsel had sufficient time to prepare for trial; whether counsel's conduct at trial showed that he [or she] was well prepared; and whether the court's refusal to grant a continuance prejudiced the defendant." Id. (quoting Allen, 247 F.3d at 771). A trial court is to balance the asserted need for the continuance against the hardship from delay considering the complexity of the case, the diligence of the party seeking a continuance, and the conduct of the opposing party. United States v. Farlee, 757 F.3d 810, 821 (8th Cir. 2014).

Here, Defendant has a well-respected and experienced psychiatrist in Expert 2 available to testify during the proposed new trial week at the end of July 2023. Expert 1 (the psychologist) apparently is available to testify in July as well; defense counsel has made no assertion about that expert's lack of availability. Another non-psychology expert who defense counsel has consulted is available to testify in late July as well. There still does not appear to be a compelling reason to continue this trial some indefinite time to see whether Expert 3 or some other expert might render the opinion that Defendant hopes Expert 3 might develop, which then would lead to a question of whether any such opinion would be admissible under Daubert. Defendant's arguments for reconsideration, which do little beyond rehashing arguments this Court has already rejected, draw differences between his case and that of Lee and Allen. But this Court still reads Lee and Allen to

5

be more compelling cases for a continuance than what Defendant presents. Surely, with both a psychologist and a very well-respected psychiatrist retained, Defendant can present evidence effectively on Defendant's mental state at the relevant time.

As this Court has explained, this situation parallels the one in United States v. Lee, 729 F.2d 1142, 1144 (8th Cir. 1984), where denial of a continuance was affirmed when the defendant had available a psychologist to testify yet wanted, but was refused, a continuance to obtain a psychiatrist as an expert. Id. at 1144. Defendant argues that this case is distinguishable from Lee because Cochran "has not had an expert to perform the necessary evaluation." Doc. 81 at 6. This assertion is hard to accept in that defense counsel had Cochran undergo evaluation by both a psychologist and a psychiatrist. If the court in Lee was justified in refusing to grant a continuance so an arguably *more* qualified expert—a psychiatrist rather than a psychologist—could examine the defendant, then this Court is certainly justified in refusing to grant a continuance so defense counsel can have another psychologist evaluate Cochran following the evaluation by a prior psychologist and psychiatrist as defense counsel chases after what appears to be a novel opinion expounding on what defense experts already have opined.

Defendant's attempt to distinguish this case from Allen is likewise unconvincing. Defendant argues that the gravity of the charges in this murder case justify a continuance and that Expert 3 is a necessary independent expert rather than a replacement expert. This Court agrees that this case concerns very serious charges; this Court does not however agree that Defendant's desire to secure an expert—whose credentials would largely mirror Defendant's other retained experts and who has not yet evaluated Defendant much less render the opinion defense counsel desires—outweighs the interests of justice in not continuing this trial beyond July.

For these reasons, it is

ORDERED that Defendant's Motion for Reconsideration, Doc. 81, is denied.

DATED this 27th day of June, 2023.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              CHIEF JUDGE