UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STUART COCHRAN SR.,<br><br>Defendant. | 3:22-CR-30064-RAL<br><br><br>OPINION AND ORDER DENYING<br>MOTION TO DISMISS |

Defendant Stuart Cochran Sr. moves to dismiss Count II of the Indictment, which charges that he discharged a firearm during and in relation to a crime of violence causing the death of Charles Hollow Horn. Doc. 16. To support a conviction on Count II under 18 U.S.C. § 924(c), the government must prove a qualifying predicate offense, which in this case is first-degree murder as alleged in Count I of the Indictment. Id. Cochran argues that under the categorical approach, first-degree murder does not qualify as a "crime of violence" because the offense is elementally broader than the "physical force" clause of § 924(c) in that some first-degree murders such as felony murders arguably might be committed recklessly. Because the United States Court of Appeals for the Eighth Circuit just last week concluded that the "malice aforethought" requirement for second-degree murder under 18 U.S.C. § 1111(a) satisfies the "crime of violence" requirement of § 924(c), first-degree murder containing the same "malice aforethought" requirement necessarily qualifies as a "crime of violence" under the categorical approach. Regardless, the first-degree murder statute of § 1111(a) is divisible and thus the modified categorical approach can

1

apply, and first-degree premeditated murder as alleged in Count I of the indictment is unquestionably a qualifying predicate offense. This Court accordingly denies Cochran's Motion to Dismiss.

I. **Count at Issue**

Count II of the Indictment in this case charges that:

> On or about the 25th day of June, 2022, in Dewey County, in Indian country, in the District of South Dakota, the defendant, Stuart Cochran, Sr., did knowingly discharge, brandish, carry, and use a firearm . . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, First Degree Murder as alleged in Count I, and in the course of this violation did cause the death of Charles Hollow Horn through the use of the firearm, which killing is murder as defined in 18 U.S. [sic] § 1111, in that the defendant, with malice aforethought and premeditation, shot and killed Charles Hollow Horn, in violation of 18 U.S.C. § 924(j)(l).

Doc. 16 at 1–2. Section 924(j)(1) provides that any person who, "in the course of a violation of [924] subsection (c)" murders another as defined in 18 U.S.C. § 1111 shall be "punished by death or by imprisonment for any term of years or for life." Section 924(c) criminalizes the use, possession, or carrying of a firearm during a crime of violence. Crime of violence means, effectively, a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); see United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (finding the residual clause in the definition of "crime of violence," § 924(c)(3)(B), to be unconstitutionally vague).

II. **Analysis**

   A. **Categorical Analysis of § 1111(a)**

Cochran's motion frames the question whether first-degree murder as defined in 18 U.S.C. § 1111 is categorically a "crime of violence." Under the categorical approach, courts must look only to the statutory definition of the offense—not in any way the facts underlying the

conviction—to determine whether the particular element, here the requirement of a "crime of violence," necessarily is present. Descamps v. United States, 570 U.S. 254, 261 (2013).

The federal first-degree murder statute under which Cochran is charged reads:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a). The statute defines murder as "the unlawful killing of a human being with malice aforethought," lists four ways in which a defendant may commit first-degree murder, and concludes that "[a]ny other murder is murder in the second degree." Id.

Cochran raised in his briefing the argument that one can conjure scenarios where "reckless" behavior could satisfy the first-degree murder statute, and the plurality in United States v. Borden found that crimes only requiring an act be done "recklessly" do not qualify as violent felonies under the force clause of § 924(e), a statute with near identical language to § 924(c). 141 S. Ct. 1817, 1834 (2021). While analyzing § 924(e), the plurality opinion in Borden reasoned that the "phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his attention at, or target, another individual," which is not possible when a person acts only recklessly. Id. at 1825. As such, "[a]n offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause." Id. at 1832. The Borden plurality decision considered the meanings of "violent felony" and a "crime of violence" and concluded that such terms were "best understood to involve not only a substantial degree of force, but also a

purposeful or knowing mental state" and listed murder as among the "quintessential violent crimes." Id. at 1830.

Cochran filed his motion to dismiss while the United States Court of Appeals for the Eighth Circuit had under consideration Janis v. United States, 22-2471, 2023 WL 4361107 (8th Cir. July 6, 2023), framing whether in the aftermath of Borden second-degree murder under 18 U.S.C. § 1111(a) categorically was a crime of violence under § 924(c). Last week the Eighth Circuit released its decision in Janis, which concluded that "[h]omicides committed with malice aforethought involve the 'use of force against the person or property of another.'" Janis, 2023 WL 4361107, at *17 (quoting 18 U.S.C. § 924(c)). The Janis decision renders all murders under § 1111(a) to be categorically crimes of violence under § 924(c).

Janis had appealed from her conviction for discharging a firearm during a crime of violence to argue that her second-degree murder conviction was not a predicate offense in the aftermath of United States v. Davis, 139 S. Ct. 2319 (2019), which had ruled the residual clause of § 924(c) to be unconstitutional and Borden where a plurality of justices had ruled that recklessly committed crimes did not satisfy the surviving "force clause" of § 924(e). The Eighth Circuit in Janis noted that second-degree murder required two things: "(1) unlawful killing of a human being; with (2) malice aforethought." Janis, 2023 WL 4361107, at *2. The first sentence of § 1111(a) indeed defines murder as "the unlawful killing of a human being with malice aforethought," so those same two elements, plus certain others define first-degree murder. In Janis, the Eighth Circuit held that the "malice aforethought" element meant that second-degree murder "will always clear this bar" set by the Borden plurality to satisfy § 924(c)'s force clause. Janis, 2023 WL 4361107, at *3. The Eighth Circuit analyzed the history of the "malice aforethought" requirement, dictionary definitions, and its own case authority. Janis, 2023 WL 4361107, *3–7. The Eighth Circuit has

4

defined "malice aforethought" as the "intent at the time of a killing willfully to take the life of a human being or an intent willfully to act in callous and wanton disregard of the consequences of human life." United States v. Johnson, 879 F.2d 331, 334 (8th Cir. 1989); Schad v. Arizona, 501 U.S. 624, 648 (1991) (Scalia, J., concurring) ("the unlawful killing of a human being by a person with 'malice aforethought' or 'malice prepense,' which consisted of an intention to kill or grievously injure, knowledge that an act or omission would probably cause death or grievous injury, an intention to commit a felony, or an intention to resist lawful arrest."). The Eighth Circuit in Janis then rejected the various arguments about how second-degree murder might involve reckless conduct or some other behavior that fails to constitute the requisite force to establish a "crime of violence" under § 924(c). Janis, 2023 WL 4361107, at *4–7. In short, Janis resolves that in requiring "malice aforethought" as an element, § 1111(a) categorically satisfies the "crime of violence" requirement under the "force clause" of § 924(c).

The Eighth Circuit's decision in Janis fits with several other courts of appeal decisions concluding that murder under § 1111(a) qualifies as a crime of violence under § 924(c) even post-Borden. United States v. Jackson, 32 F.4th 278, 287 (4th Cir. 2022); United States v. Begay, 33 F.4th 1081, 1093 (9th Cir. 2022) ("Drawing on Borden, we conclude that a conviction for second-degree murder pursuant to § 1111(a) constitutes a crime of violence because murder is the unlawful killing of a human being with malice aforethought, see 18 U.S.C. § 1111(a), and to kill with malice aforethought means to kill either deliberately or recklessly with extreme disregard *for human life*, . . . . A § 1111(a) conviction qualifies as a crime of violence because a defendant who acts with the requisite mens rea to commit second-degree murder necessarily employs force 'against the person or property of another,' and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life.");

5

Alvarado-Linares v. United States, 44 F.4th 1334, 1345 (11th Cir. 2022) ("Federal first and second-degree murder are each defined as 'the unlawful killing of a human being with malice aforethought,' with first-degree murder additionally requiring an element of premeditation. See 18 U.S.C. § 1111(a). Because we have already held that the federal crime of second-degree (non-premediated) murder is a crime of violence under Section 924(c)(3)'s elements clause, Thompson[ v. United States], 924 F.3d [1153,] 1158–59 [(11th Cir. 2019)], a VICAR murder conviction predicated on the federal definition of murder is clearly a crime of violence under that statute."). Applying the controlling Eighth Circuit precedent of Janis, this Court must deny Cochran's motion to dismiss.

### B. Analysis of § 1111(a) under the Modified Categorical Approach

Even if this Court were to assume away the Janis decision and accept Cochran's argument that some manner of § 1111(a) first-degree murder theoretically might be committed in a way not satisfying the "force clause" of § 924(c), Cochran's arguments for dismissal still fail under the modified categorical approach. The categorical approach applies when a statute "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, 579 U.S. 500, 504–05 (2016). But some criminal statutes are more complicated than setting out a single set of elements for a single crime. Courts must start by determining whether the statute lists "elements in the alternative, and thereby define[s] multiple crimes," or whether the statute creates only a single crime and specifies "various factual means" of committing an element of that crime. Id. at 505–06, 517. If the statute lists alternative elements and creates multiple crimes, it is "divisible," and courts may use the "modified categorical approach" to determine which of the alternative elements formed the basis of the defendant's conviction. Id. at 505–06, 517; United States v. Horse Looking, 828 F.3d 744, 747 (8th Cir. 2016). Under the modified categorical approach,

6

courts may consult the defendant's indictment, the plea agreement, a transcript of the plea colloquy, and "any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). If the statute merely lists alternative means of "committing some component of the offense," the statute is indivisible and subject only to the categorical approach. Mathis, 579 U.S. at 506.

The Supreme Court's decision in Mathis provides some guidance on distinguishing elements from means in alternatively phrased statutes. "Elements," the Court explained, "are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." Id. at 504 (cleaned up and citation omitted). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant; and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." Id. (cleaned up and internal citation omitted). Means, "by contrast, are mere real-world things—extraneous to the crime's legal requirements." Id. "They are circumstances or events having no legal effect or consequence: In particular, they need neither be found by a jury nor admitted by a defendant." Id. (cleaned up and citation omitted).

Mathis directs judges to look to the law, including court decisions interpreting a statute, to determine whether statutory alternatives constitute elements or means. Id. at 517–18. And sometimes the statute itself will answer the question. Id. at 518; see also United States v. McConnell, 65 F.4th 398, 403 (8th Cir. 2023) (explaining that, among other things, courts should look to a "statute's text and structure" when analyzing divisibility). "If statutory alternatives carry different punishments," for instance, then "they must be elements." Mathis, 579 U.S. at 518. By contrast, "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission." Id. "And a statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." Id.

7

An indictment and correlative jury instruction charging the defendant with all the terms of an alternatively phrased statute would clearly indicate that "each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." Id. at 519. "Conversely, an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." Id. The Court in Mathis recognized, however, that the record materials might not "speak plainly" enough to satisfy the categorical approach's "demand for certainty." Id. (cleaned up and citation omitted); see also United States v. Naylor, 887 F.3d 397, 401 (8th Cir. 2018) (en banc) ("If the record materials do not speak plainly on the means-elements issue, we will be unable to meet the demand for certainty required of any determination that a conviction qualifies as a violent felony under the ACCA." (cleaned up and citation omitted)).

The federal murder statute at 18 U.S.C. § 1111(a) textually defines three separate crimes: first degree premeditated murder, first degree felony murder (with three subtypes), and second-degree murder. Section 1111(a) begins with the statement that "[m]urder is the unlawful killing of a human being with malice aforethought." The next phrase of § 1111(a) defines premeditated murder as "murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing." A semicolon and the word "or" then separate that clause from three other clauses defining felony murder. Section 1111(a) ends by defining second-degree murder as being "[a]ny other murder." Murder in the first degree, either by premeditation or by the commission or attempted commission of an enumerated felony, is punishable by death or life imprisonment; second degree murder carries less of a potential penalty with a range of a sentence dictated in terms of years or life. § 1111(b).

The Eighth Circuit has recognized that a statute's use of the disjunctive "or" signals that the statute is divisible. United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014) ("The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive 'or.'"). Section 1111(a), while having several disjunctives within it, contains three uses of the word "or" that are separated by semicolons rather than the commas, indicating that those clauses are divisible. The use of the disjunctive and the grammatical structure of § 1111(a) renders the first-degree murder statute divisible.

The United States Court of Appeals for the Fourth Circuit in United States v. Jackson, 32 F.4th 278 (4th Cir. 2022), recently analyzed § 1111(a) and concluded that the statute was divisible. Id. at 285–86. The Fourth Circuit reasoned that because the statute is phrased alternatively, it contains (counting each type of felony murder separately) "four alternative versions of first-degree murder." Id. at 286. The Fourth Circuit found the use of the disjunctive "or" to be highly significant as "it serves as a signal that [the statute] may well be divisible." Id. (cleaned up and citation omitted). The Fourth Circuit in Jackson noted that each component requires the government to prove a unique element of first-degree murder, namely the element of premeditation or the attempted accomplishment of a listed felony. Id. at 285–86. As such, "each formulation of the crime involves a different type of conduct [and when] the kind of conduct proscribed by the different formulations differs quite significantly [, it] suggests that the different formulations should be treated as separate crimes warranting the use of the modified categorical approach." Id. at 286 (cleaned up and citation omitted). After finding that the modified categorical approach was appropriate, the Fourth Circuit in Jackson reasoned:

> Undoubtedly, federal premeditated first-degree murder is a "crime of violence." Jackson does not even argue to the contrary. Moreover, federal premeditated murder requires an intentional mens rea and thus does not in any way violate Borden's requirement. 141 S. Ct. at 1821–22, 1834. And premeditated murder

9

> necessarily requires the use of "*violent* force—that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140. Indeed, to commit federal premeditated first-degree murder, a death-results crime, is to intentionally inflict the greatest physical injury imaginable—death. See Roof, 10 F.4th at 401. Thus, premeditated murder in violation of § 1111(a) is categorically a "crime of violence." And this "crime of violence" constitutes a valid underlying crime sufficient to support Jackson's conviction of violating § 924(c) and (j).

Id. at 287.

Cochran criticizes the Fourth Circuit's reasoning in Jackson as glossing over Justice Scalia's concurrence in Schad v. Arizona. 501 U.S. at 648 (Scalia, J., concurring). However, Justice Scalia's analysis of the Arizona murder statute at issue in Schad was roughly three pages long and mentioned § 1111 only briefly in passing. Id. at 649. As the plurality decision in Schad explained, the Arizona Supreme Court had found that its first-degree murder statute was indivisible and could occur "as a premeditated murder or felony murder." Id. at 629 (Souter, J., plurality). Justice Scalia's concurrence in Schad undertook no real analysis of whether the Arizona statute is divisible but accepted the Arizona Supreme Court's ruling that it is not. Indeed, the plurality opinion specifically noted: "If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law." Id. at 636. The Arizona murder statute differs textually from § 1111(a). See id. at 649 (Scalia, J., concurring); compare id. at 628 n.1 (Souter, J., plurality), with 18 U.S.C. § 1111

Even if some form of felony-murder in violation of § 1111(a) were not a crime of violence under § 924(c), this Court has a ready way to ensure that the jury in Cochran's case is forced to find the sort of malice aforethought to satisfy the "force clause" of § 924(c). The Eighth Circuit pattern jury instruction for murder in the first degree requires proof beyond a reasonable doubt of:

10

"*One*, the defendant unlawfully killed, (name of victim); *Two*, the defendant did so with malice aforethought . . . ; *Three*, the killing was premeditated . . . ; and *Four*, the killing occurred at (describe location where killing is alleged to have occurred upon which jurisdiction is based)." Eighth Circuit Pattern Instruction 6.18.1111A (2022 ed.). A footnote attached to element three, the premeditation element, provides:

> When any other form of first degree murder is at issue (i.e., a murder "perpetrated by poison, lying in wait . . . or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery . . ."), *the instruction relative to premeditation should be appropriately modified.*

Eighth Circuit Pattern Instruction 6.18.111A n.6 (emphasis added). This Court intends to instruct the jury in Cochran's trial on the malice aforethought element and the premeditation element in ways to assure that any § 1111(a) offense plainly will qualify as a predicate offense to § 924(c).

Indeed, Cochran is not charged with any sort of felony murder. Rather, Count I of the Indictment plainly charges Cochrane with premeditated murder in alleging that Cochran "did willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully kill Charles Hollow Horn, by shooting him with a handgun . . . ." Doc. 16. The United States has indicted a predicate offense that plainly involves the use of force under § 924(c) and not one that conceivably involved mere recklessness. Even without the recent Janis decision, first degree premeditated murder is a proper predicate offense under the modified categorical approach to support Count II of the Indictment in this case.

### III. Conclusion

For the reasons discussed above, it is

ORDERED that Defendant's Motion to Dismiss Count II, Doc. 79, is denied.

DATED this 10th day of July, 2023.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              CHIEF JUDGE